**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
Norfolk Division

MELTON GORE, #97731-071,

        Petitioner,

v.                                       ACTION NO. 2:04CV481

VANESSA P. ADAMS, Warden,
Federal Correctional Institute,
Petersburg, Virginia,

        Respondent.

**UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter was initiated by a petition for writ of habeas corpus under 28 U.S.C. § 2241. The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia.

**I. STATEMENT OF THE CASE**

**A. Background**

Petitioner Melton Gore ("Gore") was sentenced on October 30, 2002, in the United States District Court for the District of South Carolina to fifty-one months of imprisonment for being a felon in possession of a firearm.

Gore submitted a Petition for Writ of Habeas Corpus which the Court received on August 10, 2004. Petitioner's allegations were set forth in the form of a pleading and petitioner was ordered,

on September 16, 2004, to submit an amended petition on "Form for Use in Applications for Habeas Corpus Under 28 U.S.C. Section 2241." Petitioner failed to comply with the Court's Order and judgment was entered on November 5, 2004, dismissing the petition without prejudice to petitioner's right to submit a petition on the required forms. The Dismissal Order of November 5, 2004 was vacated on January 5, 2005, when the required amended petition was submitted by petitioner together with a letter with sufficient reasons which justified relief from the judgment. The petition, in which Gore complained that the Bureau of Prisons had improperly calculated petitioner's good conduct time, was filed on January 5, 2005. A Response to Petition for Writ of Habeas Corpus Pursuant to § 2241 and Motion to Dismiss (Document No. 13) was filed by respondent on March 7, 2005.

Gore was given the opportunity to respond to the Response and Motion to Dismiss within 21 days. Gore did not file a response.

### B. Grounds Alleged

Gore asserts that he is entitled to relief under 28 U.S.C. § 2241 because the Bureau of Prisons improperly calculated his good time credits.

### II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

Under Article III of the Constitution, federal courts may adjudicate only actual, ongoing cases or controversies. See U.S.C.A. Const. art. III, § 2, cl. 1; see also, Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990) (citations omitted). In order to satisfy this requirement, a plaintiff must suffer or be threatened with an actual injury that is traceable to the defendant. The parties must maintain a personal stake throughout the litigation, where a favorable decision would likely redress

2

the injury.  See Lewis, 494 U.S. at 477-78.

The mootness doctrine stems from this Article III requirement.  See Western Oil and Gas Ass'n v. Sonoma County, 905 F.2d 1287, 1290 (9th Cir. 1990) (citing Regional Rail Reorganization Act Cases, 419 U.S. 102, 138 (1974)).  In general, an action is moot when "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Murphy v. Hunt, 455 U.S. 478, 481 (1982) (per curiam) (citations omitted).  A mootness inquiry asks "whether there is anything left for the court to do." Western Oil and Gas Ass'n, 905 F.2d at 1290 (quoting Wright, Miller & Cooper, Federal Practice and Procedure, § 3532.1 (2d ed. 1984)).

In this case, Gore's claim is clearly moot.  His only request for relief was the recalculation of his good time credits.  Gore was released from federal custody on March 10, 2005; therefore Gore has already been granted the relief he requests and the Article III case-or-controversy requirement cannot be satisfied.  This Court therefore recommends that the petition for writ of habeas corpus be dismissed as moot.

### III. RECOMMENDATION

For the foregoing reasons, the Court recommends that Gore's petition for writ of habeas corpus be DISMISSED as moot.

### IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the

foregoing findings and recommendations within ten (10) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(e) of said rules. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984), cert. denied, 474 U.S. 1019 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984).

/s/
Tommy E. Miller
United States Magistrate Judge

Norfolk, Virginia

April 26, 2005

## CLERK'S MAILING CERTIFICATE

A copy of the foregoing Report and Recommendation was mailed this date to the following:

Melton Gore
Atlanta CCM
715 McDonough Blvd., SE

4

Atlanta, GA  30315

Lawrence R. Leonard, Esq.
Assistant United States Attorney
United States Attorney's Office
8000 World Trade Center
101 W. Main St.
Norfolk, Virginia 23510

                                                           Elizabeth H. Paret, Clerk

                                       By _____
                                              Deputy Clerk

                                              April     , 2005